**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TABBATHA T. JOHNSON** **CIVIL ACTION**

**VERSUS** **NO. 24-45-BAJ-SDJ**

**UNITED HEALTHCARE**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 14, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TABBATHA T. JOHNSON** **CIVIL ACTION**

**VERSUS** **NO. 24-45-BAJ-SDJ**

**UNITED HEALTHCARE**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Complaint in this matter was filed on January 22, 2024, by *pro se* Plaintiff Tabbatha T. Johnson against Defendant United Healthcare.[1] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 90 days to serve Defendant. However, since initiating this litigation, Plaintiff has yet to serve Defendant.

A Scheduling Conference was held on March 6, 2025. No party was present at the conference. As such, this Court issued a Show Cause Order, noting that service had not yet been made on Defendant and instructing Plaintiff to file proof of service into the record within 30 days of the date of the Order.[2] The Show Cause Order also ordered Plaintiff to show cause, in writing, why claims against the Defendant "should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service."[3] Plaintiff has not responded in any way to the Court's Order.

On April 4, 2025, Plaintiff filed a "Motion to Show Cause for Failure to Serve Defendant.[4]" In this motion, Plaintiff requested additional time to serve Defendant. On April 28, 2025, this

[1] R. Doc. 1.
[2] R. Doc. 15.
[3] R. Doc. 15.
[4] R. Doc. 16.

Court granted Plaintiff's Motion and gave Plaintiff until July 7, 2025, to serve the Defendant.[5] Plaintiff provided no response after the Order issued on April 28, 2025.

A Show Cause Hearing was scheduled for and held on June 4, 2026. Plaintiff was ordered to appear and show cause why her claims asserted against United Healthcare should not be dismissed for her failure to serve Defendant within the time allowed by Fed. R. Civ. P. Rule 4(m). Plaintiff appeared before the undersigned and explained that she has been experiencing personal difficulties and has not received communication from the Court regarding this case.[6] Plaintiff requested 30 additional days to serve Defendant. The undersigned instructed Plaintiff to serve Defendant within 30 days and to file proof of service by July 6, 2026. The undersigned informed Plaintiff that, if proof of service has not been filed by July 6, 2026, then the undersigned will recommend dismissal of this case for lack of service.[7] Plaintiff has not filed proof of service into the record at this time.

Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Civil Rule 41(b)(1)(A) provides that a civil action may be dismissed by the Court for lack of prosecution "[w]here no service of process has been made within 90 days after filing of the complaint." It has now been over 904 days since Plaintiff's Complaint was filed, and no service of process has been made on the Defendant.

[5] R. Doc. 17.
[6] R. Doc. 20.
[7] R. Doc. 20.

As a practical matter, this case cannot proceed against Defendant if Plaintiff does not prosecute it. Plaintiff's failure to serve Defendant effectively deprives Defendant of the opportunity to defend himself against the allegations made against him.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute. To the extent Plaintiff is entitled to any additional notice that her failure to timely serve Defendant in this action will result in dismissal of her claims, this Report and Recommendation provides such notice.

Signed in Baton Rouge, Louisiana, on July 14, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**